UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AMERICAN SIGNATURE, INC.,** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 2:12-cv-00601 |
| v. : | |
| : | JUDGE MARBLEY |
| **EXTREME LINEN, LLC,** : | |
| : | MAGISTRATE JUDGE ABEL |
| **Defendant.** : | |
| : | |

## AGREED PROTECTIVE ORDER

To facilitate full discovery in this lawsuit, while protecting the parties' and third parties' interests in confidential, trade secret or proprietary information which may be contained in certain documents, answers to interrogatories, requests for admissions, and other information otherwise discoverable under the Federal Rules of Civil Procedure from the parties and/or non-parties, but which should not be made available to competitors or the public in general, by agreement of the parties and for good cause shown, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Certain documents, answers to interrogatories, depositions, pleadings, exhibits, and other information have been and/or may be requested during this action from the parties and/or non-parties and may contain confidential business information, confidential financial information, proprietary information, trade secrets, or other confidential information.

2. Any party or non-party providing documents, answers to interrogatories, depositions, pleadings, exhibits, and other information may designate as CONFIDENTIAL any such documents and/or information produced in this action as "PROTECTED MATERIAL". In addition, any party may also designate as CONFIDENTIAL any such documents and/or

information produced by a non-party in response to a subpoena, or otherwise. A party or non-party shall designate PROTECTED MATERIAL only as to materials which that party in good faith believes constitute such material or matter used by it in, or pertaining to, its business, which matter is not generally known and which the party would normally not reveal to third parties or would cause third parties to maintain in confidence. PROTECTED MATERIAL shall be used by the parties to this action solely for the purpose of conducting this action and not for any other purpose whatsoever.

## **PROTECTED MATERIAL**

3. CONFIDENTIAL materials or information, for purposes of this Protective Order, shall be designated as confidential in the following manner:

With respect to documents and/or information produced by a party, the designation CONFIDENTIAL shall be affixed to each page containing any confidential information, except that in the case of multi-page documents bound together by staple or other permanent binding or electronic medium collecting confidential information (i.e. computer discs), the word CONFIDENTIAL need only be stamped on the first page of the document, or the exterior of the electronic medium, in order for the entirety of the document(s) contained therein to be treated as confidential. With respect to documents and/or information produced by a non-party, a party may designate such documents and/or information as CONFIDENTIAL by providing written notice to the other party of such designation.

4. Materials designated as CONFIDENTIAL and any copies of such information shall not be exhibited or disclosed by counsel for the parties and/or by any party to this action to any other person or entity; provided, however, that nothing herein shall prevent the exhibition of such documents or the information contained therein only to the following persons, who shall

use such confidential information solely in the prosecution or defense of this action and for no other purpose, business, personal, legal or otherwise:

      (i)      counsel for the parties to this action and their associates, employees, assistants, and vendors who are engaged in connection with, or who are making decisions with respect to, this action on behalf of a party;

      (ii)      the parties and their officers, directors, members, agents, employees, or former employees who are providing assistance to counsel in this action;

      (iii)      consultants, technical experts, expert witnesses, actual fact witnesses, potential fact witnesses and agents involved in the prosecution or defense of this action;

      (iv)      the Court and its staff; and

      (v)      court reporters, their transcribers, assistants, and employees related to their provision of services in connection with this action.

Other than persons described in paragraphs (i) through (v) above, no person shall have access to Confidential information.

5. Subject to the foregoing provisions, material designated as CONFIDENTIAL may be referred to in the course of depositions, or made exhibits to depositions, and the deponent, all counsel, and other persons present at the deposition, or who review the transcript thereof, shall be informed of and be bound by the terms of this Protective Order.

6. Any party may designate as CONFIDENTIAL testimony given during a deposition which, in good faith, it deems confidential, provided that the portion of the transcript relating to such confidential information shall be marked confidential in accordance with the provisions of paragraph 3. Any party may designate as CONFIDENTIAL any deposition

testimony or deposition exhibits, by notice to all other parties, within thirty (30) days of the date that the deposition transcript is received.

7. Counsel may make copies of confidential documents for experts or consultants, provided counsel first obtains the written agreement of each expert or consultant to be bound by the terms of this protective order. The requirement of obtaining such written agreement shall be satisfied by having each expert or consultant read, acknowledge and agree in writing to be bound by this Protective Order.

8. Every person given access to PROTECTED MATERIAL shall be advised that such material is being disclosed pursuant and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

9. Prior to filing and/or otherwise submitting PROTECTED MATERIAL to the Court, the party seeking to file and/or submit such material shall provide sufficient notice to the designating party to allow such party to seek leave of Court, upon a showing of good cause, to permit the filing of the subject material under seal. Where practical, a redacted version of any documents filed under seal will also be filed as part of the public record.

10. In the event additional parties join or are joined in this action, they shall not have access to PROTECTED MATERIAL until the newly joined party by its counsel has executed an agreement to be fully bound by this Protective Order.

11. Counsel making disclosures of PROTECTED MATERIAL shall retain the original certificates described hereinabove, together with the full names and addresses of each signer. Within sixty (60) days after final resolution of this action as to all parties, counsel making such disclosure shall provide to counsel for the party that originally produced the

PROTECTED MATERIAL all signature pages and acknowledgments and the descriptions of the PROTECTED MATERIAL disclosed to each signer.

12. The recipient of any PROTECTED MATERIAL shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

13. In the event that any PROTECTED MATERIAL is used in any court proceeding in connection with this matter, subject to the terms of paragraph 9, above, it shall not lose its CONFIDENTIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

14. Within sixty (60) days after the conclusion of this action, all PROTECTED MATERIAL, including all copies, extracts, summaries, portions of notes, compilations, photographs, or memos specifically incorporating or referencing PROTECTED MATERIAL shall be returned to the non-party or counsel for the party which originally produced it. The party or attorney returning the PROTECTED MATERIAL shall certify that all such PROTECTED MATERIAL has been returned to the producing party.

15. Any party may challenge the propriety of the designation of a given document or information as PROTECTED MATERIAL. If any party elects to challenge the designation of CONFIDENTIAL of any document or information pursuant to this Protective Order, the challenging party shall notify the producing party of his challenge in writing. Within ten (10) business days of the receipt of such written notice, the producing party will either voluntarily remove the challenged designation or advise the challenging party that it will not remove the designation. If the parties cannot resolve such dispute among themselves, the challenging party

may seek appropriate relief from the Court. If such a motion is made, the producing party or non-party shall have the burden to establish that the designation is proper. A dispute as to designation shall not be grounds for delay of or refusal to permit discovery; provided, however, that until otherwise resolved by the Court, all the material as to which the dispute exists shall be treated as designated and shall be subject to the provisions of this Protective Order.

16. Nothing herein shall restrict a recipient, for use in connection with this action, from making working copies, abstracts, digests, and analyses of PROTECTED MATERIAL or from preparing documents for filing such information. However, all such working copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this order as the original discovery material. Further, nothing shall restrict an authorized recipient from converting or translating PROTECTED MATERIAL into electronic or machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that use of and access to such converted information, in whatever form stored or reproduced, shall be subject to the same terms and restrictions provided in this order as is the original documents or information.

17. The entry of this Protective Order shall not: (a) constitute a waiver of any party's right to seek at a future time relief from the Court from any or all provisions of this Protective Order, including the right to seek an order granting access to specific documents designated as PROTECTED MATERIAL to specific individuals, or for an order allowing certain documents designated as PROTECTED MATERIAL to be used or disclosed in a manner contrary to that authorized herein; or (b) be construed as an admission or agreement that any material designated as PROTECTED MATERIAL is properly designated as CONFIDENTIAL, or is otherwise entitled to any protective relief whatsoever.

18. Except as otherwise provided herein, inadvertent failure to designate information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by prompt supplemental written notice. Upon receipt of the supplemental written notice, the terms of this Order shall apply and the receiving party shall retrieve, to the extent reasonably possible, the information and any documents containing the same.

IT IS SO ORDERED.

                                                s/Mark R. Abel
                                                Magistrate Judge Mark R. Abel

APPROVED:

| /s/ Marion H. Little, Jr. | /s/ David F. Axelrod |
|---|---|
| Marion H. Little, Jr. (0042679) | David F. Axelrod (0024023) |
| Trial Attorney | Trial Attorney |
| Matthew S. Zeiger (0075117) | Michael A. Snyder (0069425) |
| ZEIGER, TIGGES & LITTLE LLP | SHUMAKER, LOOP & KENDRICK, LLP |
| 41 S. High Street, Suite 3500 | 2400 Huntington Center |
| Columbus, OH 43215 | 41 South High Street |
| Tel.: (614) 365-9900 | Columbus, Ohio 43215 |
| Fax: (614) 365-7900 | Telephone: (614) 628-4427 |
| little@litohio.com | Facsimile: (614) 463-1108 |
| | Email: daxelrod@slk-law.com |
| Attorneys for Plaintiff | |
| American Signature, Inc. | Attorney for Defendant |
| | Extreme Linen, LLC |

885-009:398461